# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KISHA CLYBURN, on behalf of herself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| GEM RECOVERY SYSTEMS LLC; and JOHN DOES 1-25, | |
| Defendant(s). | |

Plaintiff, KISHA CLYBURN, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendant, GEM RECOVERY SYSTEMS LLC ("GEM RECOVERY"), JOHN DOES 1-25 their employees, agents, and successors (collectively "Defendants") the following:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq.*

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person, a resident of Essex County, New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. GEM RECOVERY maintains a location at 99 Kinderkamack Road, Suite 308, Westwood, New Jersey 07675.

8. Upon information and belief, GEM RECOVERY uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. GEM RECOVERY is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters

and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

- All New Jersey consumers who were sent letters and/or notices from GEM RECOVERY concerning a debt owned by MONOC, which contained at least one of the alleged violations of 15 U.S.C. § 1692 *et seq.* herein. The class definition may be subsequently modified or refined. The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);
- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.    Whether the Defendants violated various provisions of the FDCPA including but not limited to: 15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(5) and 1692e(10);

    b.    Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would

engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Sometime before November 6, 2016, Plaintiff allegedly incurred a financial obligation to MONOC ("MONOC").

16. The MONOC obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. Plaintiff incurred the MONOC obligation by obtaining goods and services which were primarily for personal, family and household purposes.

18. Plaintiff did not incur the MONOC obligation for business purposes.

19. The MONOC obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

20. MONOC is a "creditor" as defined by 15 U.S.C. § 1692a(4).

21. On or before November 6, 2016, MONOC referred the MONOC obligation to GEM RECOVERY for the purpose of collections.

22. At the time MONOC referred the MONOC obligation to GEM RECOVERY, the obligation was past due.

23. At the time MONOC referred the MONOC obligation to GEM RECOVERY, the obligation was in default.

24. Defendant caused to be delivered to Plaintiff a letter dated November 6, 2016, which was addressed to Plaintiff and sought a balance of $809.00. **Exhibit A,** which is fully incorporated herein by reference.

25. The November 6, 2016 letter was sent to Plaintiff in connection with the collection of the MONOC obligation.

26. The November 6, 2016 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

27. Upon receipt, Plaintiff read the November 6, 2016 letter.

28. The November 6, 2016 letter stated in part that:

> Otherwise, failure to remit payment or proof of payment will qualify the account for continued collection activities and a review for possible legal action. If legal action is filed, the attorney will proceed with litigation for i) Principal and interest, ii) court cost, and iii) attorney's fees as allowed by the law.
>
> Therefore, we encourage you to immediately pay the full balance or contact us to discuss amicable resolution of this account.

29. Defendants caused to be delivered to Plaintiff a letter dated February 24, 2017, which was addressed to Plaintiff. **Exhibit B,** which is fully incorporated herein by reference.

30. The February 24, 2017 letter was sent to Plaintiff in connection with the collection of the MACY'S obligation.

31. The February 24, 2017 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

32. Upon receipt, Plaintiff read the February 24, 2017 letter.

33. The February 24, 2017 letter stated in part that:

> Failure to remit payment will result in continued collection activities. This may result in litigation ultimately, in a judgment against you which may include additional costs and expenses as may be permitted under your account with our client or as authorized by law.
>
> A judgment entered against you may further impair your credit rating. To contact us, call 201-722-8780.

34. As of October 26, 2017, no lawsuit had been filed against Plaintiff for the MONOC obligation.

## POLICIES AND PRACTICES COMPLAINED OF

35. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A and B**, which violate the FDCPA, by *inter alia*:

   (a) Using false, deceptive or misleading representations or means in connection with the attempted collection of a debt;

   (b) Making a false representation of the character or legal status of the debt; and

   (c) Threatening an action that was not intended to be taken.

36. On information and belief, Defendants sent written communications in the form annexed hereto as **Exhibit A and B**, to at least 50 natural persons in the State of New Jersey with one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

37. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

38. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

39. Defendant's collection letters and/or notices would cause the least sophisticated consumer to be confused as to his or her rights.

40. Defendant's letters were designed to cause the least sophisticated consumer to be confused as to his or her rights.

41. The content of Defendant's letters were designed to cause the least sophisticated consumer to believe that legal action was intended to be taken at the time of transmission of the letters or shortly thereafter.

42. The content of Defendant's letters was designed to cause a false sense of urgency in order to get the least sophisticated consumer to pay the obligation.

43. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

44. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

45. Defendants violated 15 U.S.C. § 1692e of the FDCPA by creating a false sense of urgency to pay the obligation to avoid litigation.

46. Defendants violated 15 U.S.C. § 1692e(2)(A) of the FDCPA by falsely representing the character or legal status of the debt.

47. Defendants violated 15 U.S.C. § 1692e(2)(A) of the FDCPA by falsely representing to Plaintiff that the creditor had or would authorize legal action if payment was not made.

48. Defendants violated 15 U.S.C. § 1692e(2)(A) of the FDCPA by falsely representing to Plaintiff that litigation was imminent unless payment was received.

49. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

50. Defendants violated 15 U.S.C. § 1692e(5) of the FDCPA by falsely threatening litigation if payment was not received when such action was not intended to be taken as of the date of Defendant's letters or shortly after the letters were received.

51. The content of Defendant's letters, which included legalese, would cause the least sophisticated consumer to believe that legal action would be instituted in an attempt to recover the MONOC obligation when no such lawsuit was specifically authorized and/or intended to be filed.

52. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

53. Defendants violated 15 U.S.C. § 1692e(10) by falsely threatening to take an action that was not intended to be taken.

54. Defendants' letters violated various provisions of the FDCPA including but not limited to: 15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(5); and 1692e(10).

55. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

56. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

57. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

58. Plaintiff and others similarly situated were sent letters which have the propensity to affect their decision-making with regard to the debt.

59. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

60. Plaintiff has suffered damages and other harm as a direct result of the Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: October 26, 2017

                        *s/ Joseph K. Jones*
                        Joseph K. Jones, Esq. (JJ5509)
                        JONES, WOLF & KAPASI, LLC
                        375 Passaic Avenue, Suite 100
                        Fairfield, New Jersey 07004
                        (973) 227-5900 telephone
                        (973) 244-0019 facsimile
                        jkj@legaljones.com

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

                        *s/ Joseph K. Jones*
                        Joseph K. Jones, Esq.

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: October 26, 2017

                        *s/ Joseph K. Jones*
                        Joseph K. Jones, Esq.

# Exhibit

# A

**P.O. Box 85**
**Emerson, NJ 07630-0085**

# Gem Recovery Systems

Phone (201) 722-8780  Fax (201) 722-1021

*[handwritten: ATTENTION QUINTENA BILLUPS TOTAL 3 PAGES]*

****************AUTO**5-DIGIT 07111

KISHA D CLYBURN

Date: 11/6/2016
Gem Account No. : ███30-1
Client: **MONOC**
Client Reference No.: ███221
Date of Service: 11/27/2015
Balance Due: $809.00

Dear KISHA D CLYBURN:

## Important Collection Notice

After receiving numerous statements and notices that your claim has been submitted and resubmitted to your insurance, workman's compensation, Medicare, Medicaid, union, employer, attorney, executor of estate, or anyone else connected with the payment of this account, this account has still not been paid.

Recently we have contacted MONOC who confirmed that no payment has been made. If you have since made a payment on this account, please send in **"Proof of Payment"** so we may notify the Credit Bureaus and adjust our records that payment has been made.

Otherwise, failure to remit payment or a proof of payment will qualify the account for continued collection activities and a review for possible legal action. If legal action is filed, the attorney will proceed with litigation for i) Principal and interest, ii) court cost, and iii) attorney's fee as allowed by the law.

Therefore, we encourage you to immediately pay the full balance or contact us to discuss amicable resolution of this account. Please call us immediately to discuss.

**GEM RECOVERY SYSTEMS IS A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT; ANY AND ALL INFORMATION OBTAINED WILL BE USED SOLELY FOR THAT PURPOSE.**

====================PLEASE DETACH AT PERFORATION AND RETURN WITH YOUR PAYMENT====================

If paying by check, please make checks payable to **GEM RECOVERY SYSTEMS** and write your Gem Account Number in the memo line. Please return any correspondence or payment, where appropriate, to us using the enclosed courtesy return envelope. Ensure that the return address is visible in the window of the envelope. Note that the United States Postal Service will not accept mail without postage applied. Thank you.

You can pay your bill online at https://Gem.SecBillPay.com

Gem Acct No.: ████
Client: MONOC
Client Reference No.: ████
Client ID: ████

Please return to: ➔

**Gem Recovery Systems**
PO BOX 85
EMERSON NJ 07630-0085

**Amount Due: $809.00**

Name: KISHA D CLYBURN
Series letter: c  List: 6/7/2016

# Exhibit B

P.O. Box 85
Emerson, NJ 07630-0085

# Gem Recovery Systems

Phone (201) 722-8780

****************AUTO**5-DIGIT 07111
KISHA D CLYBURN

|l|l||l|l|l||l|l||l|l|l||l|l||l||l|l|l||l||l||l||l||l||l|

Date: 2/24/2017
Gem Account No. :
Client: **MONOC**
Client Reference No.:
Date of Service: 11/27/2015
Balance Due: $809.00

Dear KISHA D CLYBURN:

## NOTICE OF CREDIT IMPAIRMENT

Due to your lack of response, your account has been reported to Trans Union and Experian national credit bureaus, which may impair your credit rating and your ability to obtain credit in the future. Your ability to obtain a loan, mortgage, credit card or any other term credit may have already been affected.

Remit your payment to Gem Recovery Systems so that we may report to the credit bureaus that the debt has been paid in full.

Failure to remit payment will result in continued collection activities. This may result in litigation and ultimately, in a judgement against you which may include additional costs and expenses as may be permitted under your account with our client or as authorized by law.

A judgement entered against you may further impair your credit rating. To contact us, call 201-722-8710.

**GEM RECOVERY IS A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

===========================PLEASE DETACH AT PERFORATION AND RETURN WITH YOUR PAYMENT===========================

If paying by check, please make checks payable to **GEM RECOVERY SYSTEMS** and write your Gem Account Number in the memo line. Please return any correspondence or payment, where appropriate, to us using the enclosed courtesy return envelope. Ensure that the return address is visible in the window of the envelope. Note that the United States Postal Service will not accept mail without postage applied. Thank you.

You can pay your bill online at https://Gem.SecBillPay.com

Gem Acct No.:
Client: MONOC
Client Reference No.:
Client ID:

Please return to: →

**Gem Recovery Systems**
PO BOX 85
EMERSON NJ 07630-0085

|l|l||l|l|l||l|l||l|l|l||l|l||l||l|l|l||l||l||l||l||l||l|

**Amount Due: $809.00**

Name: KISHA D CLYBURN
Series lettere List: 6/7/2016